The facts of this case, sufficiently appear in the opinions delivered.
Kirkpatrick C. J.
The judgment, in this case, was and a rule, for a writ of restitution, granted. The plaintiff Harm sued out a ca. sa. for this purpose, returnable to September term 1816, and upon the return of the writ, it was moved to set it aside, as to costs ; and if not set aside, then for a retaxation.
As to the setting aside, the party relies principally upon the case of Randolph and others, v. Baylos, in 1 State Rep. 52, and upon turning to the book, that case is so. But I am inclined to think, some inaccuracy has found its way into the printed report; for in looking into my notes, of the case of Randolph v. Baylos, which I take to be the same, I find the reason assigned *for setting aside the ca. sa., so far as related to the costs of suing it out, was, not because costs are not to be taxed upon suing out a writ of restitution, nor because a ca. sa. is not a proper writ for that purpose, but because, in that case, it was sued out without notice to the defendant, without rule of court, and without an assessment of the amount to be restored. In these respects, it was irregular, and the court would not give costs upon it; but inasmuch as the money actually paid by the plaintiff, to the defendant, was already in the hands of the officer, and must ultimately be restored, the court, to save further cost, let the ca. sa. stand as to that.
It is true, that ihe statute gives no costs on the reversal of judgment on certiorari; but still it is a part of all judgments of reversal, that the plaintiff in error be restored to all things which he hath lost by reason of the said judgment; and therefore, if upon such reversal, the defendant shall neglect or refuse to restore the money which he hath actually received, or caused to be levied by colour of such judgment, then it becomes necessary to take ulterior steps, to compel such restitution.
The course of the court, for this purpose, is different, according the different circumstances of the case; but the ordinary proceedings is by scire facias, setting forth the first judgment, the reversal thereof for error, and the sum received or levied by the plaintiff therein, and commanding the sheriff, that he make known to him to appear and shew cause, if any he hath, why the same should not be restored, &c. To this scire facias, the de *123 fendant may come in, and plead as in other cases ; but, if it be found against him, or if there be judgment by fault, then execution goes in the common form.
But, inasmuch as this course of proceeding, from its great expense and delay, would have been exceedingly oppressive in these certiorari cases, generally of but small value, the court substituted, in the place thereof, a mere notice to the party to appear and shew cause, &c., with liberty in the mean time for the plaintiff, upon due notice, to take affidavits to prove the exact amount received or levied, and for which restitution was to be made.
And, because this proceeding by notice, &c. is not within the express words of any of the statutes giving costs, it wTas at first doubted whether there could be a taxation therein, at all. But in*asmuch as it is a proceeding in the nature of a scire facias, and much more favourable to him against whom it is taken, it was thought to be within the spirit and equity of the statute of 1795, which expressly gives costs on scire facias; and therefore, it has always been the practice to tax costs upon these proceedings.
In this case, the attorney has taxed his bill at 22 dollars, 89 cents. This, at first sight, appears to be a very large sum. It is to be observed, however, that besides the direct cost of the writ, the suing out of subpoenas and serving them, the fees of witnesses for attendance, and of the commissioner for taking the testimony and reducing it to writing, &c. and for the attendance of the attorney there, will always amount to a considerable sum. Yet, in running over this bill, it would appear that the items marked in the margin, amounting to 8 dollars, 66 cents, ought to be deducted. But the retaxation must be made at the clerk’s office, where we can see the services actually rendered.